**Laura MINCEY, Plaintiff–Appellant,**

v.

**UNIVERSITY OF ROCHESTER, Strong Memorial Hospital, 1199 Union, Defendant–Appellees.**

**No. 06–5227–cv.**

United States Court of Appeals, Second Circuit.

Jan. 23, 2008.

Laura Mincey, pro se, Rochester, NY, for Appellant.

Linda T. Prestegaard, Esq., Phillips Lyttle, LLP., Matthew J. Fusco, Esq., Chamberlain, D'Amanda, Oppenheimer & Greenfield, Rochester, NY, for Appellees.

PRESENT: Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Laura Mincey, *pro se*, appeals from the November 3, 2006, 2006 WL 3169108, judgment of the United States District Court for the Northern District of New York (Telesca, *J.*) granting the summary judgment motion of the University of Rochester Strong Memorial Hospital ("Hospital") and dismissing Mincey's civil rights complaint, which she brought pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* In her complaint, Mincey alleged that the Hospital had dis-

criminated against her on the basis of her age when, after an altercation with Wayne Montgomery, a younger co-worker, she was terminated and Montgomery was not.

The district court determined that Mincey had failed to establish that she had been terminated under circumstances giving rise to an inference of age discrimination. The district court noted that it was "undisputed" that Mincey had been terminated after an investigation determined that she had struck Montgomery. Further, to the extent that Mincey might have established a *prima facie* case of age discrimination, the district court determined that she had failed to rebut the Hospital's proffered reason for her termination.

On appeal, Mincey argues that the Hospital's decision to terminate her, rather than Montgomery, who "hit her first," gives rise to an inference of age discrimination.

This Court reviews the district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party. *See Tenenbaum v. Williams,* 193 F.3d 581, 593 (2d Cir.1999). Summary judgment is appropriate where "there is no genuine issue as to any material fact and .... the movant is entitled to a judgment as a matter of law," Fed.R.Civ.P. 56(c), i.e., "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Employment discrimination cases are analyzed using the burden-shifting process set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Abdu–Brisson v. Delta Air Lines, Inc.,* 239 F.3d 456, 466 (2d Cir.2001). Under that analysis, the plaintiff bears the initial burden of establishing a *prima facie* case of discrimination

by demonstrating that: (1) she belongs to a protected class; (2) she is qualified for the position; (3) she suffered an adverse employment action; and (4) the surrounding circumstances give rise to an inference of discrimination. *See id.* (citing *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817). Further, a plaintiff must demonstrate a *prima facie* case by a preponderance of the evidence. *See Cosgrove v. Sears, Roebuck & Co.*, 9 F.3d 1033, 1038 (2d Cir.1993).

If the plaintiff succeeds in establishing a *prima facie* case of discrimination, the burden shifts to the employer to articulate a legitimate non-discriminatory reason for the adverse employment action. *See McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817. Once the employer offers such a reason, the plaintiff must show, by a preponderance of the evidence, that the proffered reason is pretext. *Id.* To do so, the plaintiff must produce sufficient evidence to demonstrate that the employer's articulated reason for the challenged action was false and that discrimination was more likely than not the actual reason for the action. *See Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir.2000).

In this case, the district court erred in determining that Mincey had failed to demonstrate a genuine issue of material fact with respect to the *prima facie* case of age discrimination. As the court concluded, Mincey demonstrated that she satisfied the first three elements of the claim—she was over 40 years of age, qualified for the position in that she had received acceptable ratings in her work performance, and she had been terminated from her job with the Hospital. However, in determining that Mincey had failed to present sufficient evidence with respect to the final element, the district court concluded that, because "it was undisputed" that Mincey had struck Montgomery, Mincey's termination did not give rise to the necessary inference

of discrimination. Although it is true, from the record, that Mincey admitted to striking Montgomery, the record also demonstrates that she consistently stated that she had struck Montgomery only after he had struck her with his index finger. Taking the evidence in the record in a light most favorable to Mincey, her contention that Montgomery hit her first is sufficient to demonstrate that her termination gave rise to an inference of discrimination. Even though, according to Mincey's presentation of the evidence, she and Montgomery were both guilty of the same infraction, only Mincey was terminated as a result.

However, even if Mincey likely established a genuine issue of material fact with respect to the *prima facie* case of age discrimination, the record reflects that she failed to demonstrate a genuine issue of material fact with regard to whether the Hospital's proffered reason for her discharge was pretext. In determining whether an employer's explanation for an adverse employment action is pretext, "the inquiry is directed toward determining whether the articulated purpose is the actual purpose for the challenged employment-related action." *DeMarco v. Holy Cross High Sch.*, 4 F.3d 166, 171 (2d Cir. 1993). In this case, the Hospital's explanation for Mincey's discharge was that, after conducting an investigation into the incident, it had determined that Mincey had struck Montgomery, and the Hospital had terminated her employment for fighting. In response, Mincey insists that Montgomery struck her first, and conclusorily alleges that the witness who had described the fight to the Hospital's investigator was biased against Mincey. However, even if the conclusion made by the Hospital after its investigation was incorrect—even if Montgomery did actually strike Mincey first—so long as that conclusion was the "actual purpose" for her ter-

mination, Mincey's age-discrimination claim fails. An incorrect conclusion, while unfortunate for Mincey, does not constitute age discrimination.

In this case, Mincey offered no evidence to demonstrate that the Hospital's explanation for her termination was not the actual reason she was discharged. Although she conclusorily alleged that the witness who had described the incident to the investigator was biased against her, Mincey offered no evidence that the investigation was improperly conducted for the purpose of providing a pretextual explanation for an otherwise discriminatory termination. *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1309 (2d Cir.1995) (noting that an employer's investigation, which did not include interviewing the alleged victim of a workplace assault, and failure to provide evidence that it had uniformly applied the rules on which the employee's termination was based were sufficient to create a genuine issue of material fact regarding pretext), abrogated on other grounds by *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). She also offered no evidence to suggest that other employees who had struck their coworkers had not been terminated by the Hospital, or to rebut the Hospital's evidence that it uniformly terminated employees for fighting.

Accordingly, the judgment of the district court is hereby AFFIRMED.